UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C., <br>     Plaintiff, <br><br> v. <br><br> RALPH P. DUPONT, <br>     Defendant. | 3:04-CV-1365 (CFD) |

## RULING ON MOTION FOR POST-JUDGMENT INTEREST

**I.    Introduction and Background**

This case involves an arbitration proceeding regarding the plaintiff law firm's share of legal fees earned by the defendant in a separate litigation. Durant Nichols, ("the law firm") was awarded $94,060.80 in the arbitration, and that was confirmed by this Court (Judge Arterton) in a ruling entered September 13, 2007 and an Amended Judgment entered September 14, 2007. Thereafter, the parties both appealed. On appeal, the Second Circuit Court of Appeals *sua sponte* raised the issue of subject matter jurisdiction, and dismissed the appeal and remanded the case back to the district court for findings of fact on the question of subject matter jurisdiction. This Court (Judge Droney) ruled on December 1, 2009 that the court did in fact have subject matter jurisdiction at the time of the inception of the lawsuit, and the case returned to the Court of Appeals. The Court of Appeals subsequently agreed that there was jurisdiction, and specifically affirmed Judge Arterton's judgment on the merits.[1]

---

[1] Judgment on the December 1, 2009 decision was entered on March 10, 2010 [Dkt. # 96] and corrected on March 11, 2010 [Dkt. # 97]. That Judgment specifically was only on the issue of subject matter jurisdiction, not the merits.

Now, the law firm brings this motion for post-judgment interest. It argues the firm is entitled to an award of interest beginning September 14, 2007, the date the first judgment on the merits was entered by Judge Arterton. While Dupont does not contest that post-judgment interest is due, he argues the law firm is only entitled to interest beginning on December 1, 2009, the date this Court's ruling on subject matter jurisdiction was entered.

## II.     Applicable Law and Discussion

Interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The Second Circuit has "consistently held that an award of post-judgment interest is mandatory." Schipani v. McLeod, 541 F.3d 158, 165 (2nd Cir. 2008). Post-judgment interest "shall be calculated from the date of the entry of the judgment." *Id*. The dispute in this case centers on the meaning of the phrase, "the date of the entry of the judgment."

Dupont relies in part on language from the Supreme Court in Kaiser Aluminum & Chemical Corp v. Bonjorno, 494 U.S. 827 (1990) which stated "where judgment on damages was not supported by the evidence," post-judgment interest cannot be calculated from the date of that judgment. Dupont argues that since the appeal from Judge Arterton's judgment was initially remanded because of a question about subject matter jurisdiction, that first judgment was defective, and cannot form the basis for the calculation of post-judgment interest. Dupont's argument overstates the scope of the holding in Kaiser. The date of entry of the second judgment would be the correct date if the first judgment had been vacated, see Lewis v. Whelan, 99 F.3d 542 (2nd Cir. 1996) (holding that when the first judgment is vacated because it lacks a legal basis or requires further factual development, the vacated award should be treated as a nullity and post-

judgment interest should accrue from the entry of judgment on remand), but that was not the situation here. On remand, this Court ruled that the district court had subject matter jurisdiction *ab initio*. Therefore, there was no absence of jurisdiction when Judge Arterton entered the first judgment. The Second Circuit never vacated that original judgment affirming the arbitration award, instead it dismissed the cross-appeals awaiting further findings of fact from this Court about jurisdiction. Indeed, after the case returned to the Second Circuit, the Second Circuit stated "The district court's judgment on the merits is affirmed. *See* Ruling on Plaintiff's Motion to Confirm Arbitration Award, *dated September 13, 2007*." (Emphasis supplied.) The Second Circuit was not referring to this Court's subsequent decision, determining subject matter jurisdiction, dated December 1, 2009, but rather Judge Arterton's first judgment on the merits. Because the original judgment on the validity of the arbitration award was never disturbed, post-judgment interest properly runs from the date of entry of that judgment. "[A] judgment entered and then affirmed on appeal accrues interest from the date of the original entry." Lewis, 99 F.3d at 545.

## III. Conclusion

For the reasons set forth above, the plaintiff's motion for post-judgment interest [Dkt. # 99] is GRANTED and post-judgment interest shall accrue from September 14, 2007.

SO ORDERED this  3rd  day of December 2010, at Hartford, Connecticut.

 /s/ Christopher F. Droney  
**CHRISTOPHER F. DRONEY**  
**UNITED STATES DISTRICT JUDGE**